**REGENT INSURANCE COMPANY**

v.

**INSURANCE COMPANY OF NORTH AMERICA.**

**Civ. A. No. 92–2113.**

United States District Court, D. Kansas.

Sept. 30, 1992.

---

1388

MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on the motion of the defendant to disqualify plaintiff's counsel for conflict of interest.

*Factual Background*

This is a declaratory judgment action between two insurers regarding the payment of defense costs and attorneys fees incurred in an underlying tort action in Kansas state court (*Clark v. U.S.D. No. 383*, No. 88–C–197, Riley County District Court, Riley County, Kansas). Plaintiff Regent Insurance Company was the primary insurer for Unified School District No. 383. Defendant Insurance Company of North America ("INA") had issued an excess insurance policy to U.S.D. 383 that provided coverage above and beyond the Regent policy limits. The plaintiff in the state court action sought to recover from the school district for serious physical injuries she suffered during gymnastics practice.

Regent hired the law firm of Holbrook, Heaven and Fay, P.A., of Kansas City, Kansas ("Holbrook"), to defend U.S.D. 383. Litigation of the case proceeded under Holbrook's direction. Almost three years after the case was filed, INA wrote to Regent requesting that Regent tender its policy limits of $500,000 to INA. Regent honored this request. Thereafter, Holbrook continued to represent U.S.D. 383 in defense of the case, but INA took over from Regent payment of Holbrook's legal fees and expenses.[1] In conjunction with its defense of U.S.D. 383, Holbrook advised INA on settlement of the claim. The case was ultimately settled for an amount greater than Regent's policy limits; INA paid the balance.

Regent brings this declaratory judgment action to recover a portion of the attorneys fees and costs incurred in defense and resolution of the tort claim. The gist of Re-

Timothy P. Orrick, Paul C. Gurney, Holbrook, Heaven & Fay, P.A., Kansas City, Kan., for plaintiff.

Steven D. Ruse, Shughart, Thomson & Kilroy, Overland Park, Kan., John H. Bunz, Shughart, Thomson & Kilroy, P.C., Kansas City, Mo., for defendant.

1. According to the petition, the amount of defense attorneys fees incurred in the representation of U.S.D. 383 was $127,876.50, of which Regent has paid $109,854.50 and INA has paid $18,022.00. The amount of costs and expenses excluding attorneys fees was $119,667.11, of which Regent has paid $69,368.24 and INA has paid only a portion of the remaining balance. (Petition ¶ 15, 16).

gent's position is that INA should reimburse it for the costs of defense based upon the settlement figure, in proportion to the amount each insurer was required to pay under its respective policy.

Now before the court is INA's motion to disqualify Holbrook for conflict of interest. INA contends that Holbrook is precluded from representing Regent in this action because Holbrook represented INA in the underlying state court action.

*Discussion*

▇▇▇ A motion to disqualify counsel deserves serious, conscientious, and conservative treatment. *Koch v. Koch Industries, et al.,* 798 F.Supp. 1525, 1529–1530 (D.Kan. 1992). The court must decide each such motion carefully and on its own facts, in an effort to balance the interest in protecting the integrity of the process against the right of a party to have counsel of its choice. *Id.* This case arose in Kansas, where the Model Rules of Professional Responsibility, and Kansas case law construing them, control.[2] *Graham v. Wyeth Labs.,* 906 F.2d 1419, 1423, n. 5 (10th Cir. 1990). This court has adopted the Model Rules of Professional Responsibility, "as adopted by [the Kansas Supreme Court] and as amended by that court from time to time." D.Kan. Rule 407.

▇▇▇ INA argues that plaintiff's counsel should be disqualified under Model Rule of Professional Conduct 1.9, which pertains to conflict of interest with a former client. In order to disqualify Holbrook under this rule, INA must show: (1) that INA and Holbrook had an attorney-client relationship; (2) that the present litigation is the same or substantially related to the matter in which Holbrook acted as counsel for INA; (3) that the interests of Holbrook's present client, Regent, are materially adverse to those of INA; and (4) that INA has not consented to Holbrook's representation of Regent. *City of Hutchinson v. Gilmore,* 16 Kan.App.2d 646, 648, 827 P.2d 784, 787 (1992). A showing of prior representation alone is insufficient to warrant

disqualification for conflict of interest. *Lansing–Delaware Water Dist. v. Oak Lane Park, Inc.,* 248 Kan. 563, 570, 808 P.2d 1369, (1991). The ultimate burden of proof in this matter lies with Holbrook, the firm whose disqualification is sought. *Pacific Employers Ins. Co. v. P.B. Hoidale Co., Inc.,* 789 F.Supp. 1112, 1113 (D.Kan. 1992). As the moving party, however, INA bears the initial burden of going forward with evidence sufficient to establish a prima facie case that a conflict exists. *Id.*

INA argues that disqualification is warranted because Holbrook advised INA on settlement of the underlying tort claim. INA interprets Rule 1.9 to require disqualification merely because of the former representation, regardless of whether Holbrook acquired any confidential information from INA. Regent argues in response that the Kansas Supreme Court has rejected the traditional view of an irrebuttable presumption that the attorney acquired confidential information during the former representation. Regent further argues that even if confidential information was acquired in connection with the tort claim, it would not be material to this declaratory judgment action, and therefore not a basis for disqualification.

▇▇▇ The most persuasive authority for interpreting the Model Rules as adopted in Kansas is found in decisions of the Kansas state courts. The Kansas Supreme Court recently delineated the standards a court should follow in deciding a motion to dismiss for imputed disqualification (Rule 1.10) in *Parker v. Volkswagenwerk Aktiengesellschaft,* 245 Kan. 580, 781 P.2d 1099 (1989). To decide such a motion, the trial court must conduct an evidentiary hearing and determine whether the attorney acquired material and confidential information during the prior representation. *Id.* at 589, 781 P.2d at 1106. The burden of proof lies with the attorney or firm who is sought to be disqualified. *Id.* at Syl. ¶ 5. In order to sustain the motion to disqualify, the court must make a specific factual find-

---

**2.** The Kansas Supreme Court adopted the Model Rules, effective March 1, 1988. Kansas Supreme Court Rule 226.

ing that the attorney had knowledge of material and confidential information acquired during the former representation. *Id.* at Syl. ¶ 4.

In *City of Hutchinson v. Gilmore,* the Kansas Court of Appeals reviewed denial of a motion to disqualify for conflict of interest under Rule 1.9. 16 Kan.App.2d 646, 827 P.2d 784 (1992). In *Gilmore,* the defendant Gilmore had been arrested for driving under the influence of intoxicating liquor. Thomas A. Dower was appointed to represent Gilmore, who was indigent. Dower discovered Gilmore had been on the opposing side of a bitter litigation battle in which Dower's law firm had taken part. Dower informed Gilmore of this connection and Gilmore stated he did not want Dower to represent him. Richard Rome was then appointed as attorney for Gilmore. Gilmore was found guilty in municipal court and appealed to the district court. Dower became the city prosecutor for Hutchinson and represented the City at Gilmore's de novo trial before the district court. Gilmore moved for a change in prosecutor, alleging a conflict of interest, but the motion was denied. Gilmore was found guilty by the district court. Gilmore's appeal challenged the denial of his motion to disqualify Dower.

 The court of appeals applied the *Parker* standards to the Rule 1.9 conflict issue. The court began its analysis by observing that the issue of conflict arises from concerns of confidentiality and attorney-client privilege. *Gilmore,* 16 Kan. App.2d at 649, 827 P.2d at 787. Citing *Parker,* the court held:

> [W]hen challenged, an attorney carries the burden to establish in a fact hearing that no confidential or privileged information was acquired in an initial consultation. If that burden is sustained, there is no conflict of interest in the attorney switching sides. If the burden is not sustained, a conflict exists and the attorney must step down.

*Id.* (citing *Parker,* 245 Kan. at Syl. ¶ 4, 5, 781 P.2d at Syl. ¶ 4, 5). The case was remanded for a hearing to determine whether Dower acquired confidential infor-

mation during his initial consultation with Gilmore. Thus, although *Parker* was decided in the context of Rule 1.10, the Kansas Court of Appeals found the reasoning in *Parker* persuasive and applied the same rationale to Rule 1.9. Thus, Kansas courts do not interpret Rule 1.9 to require disqualification if the attorney did not acquire material and confidential information during the former representation.

There is authority in the Tenth Circuit that appears to conflict with the *Parker–Gilmore* line of authority. In *Smith v. Whatcott,* 757 F.2d 1098 (10th Cir.1985), the Tenth Circuit Court of Appeals considered a motion to disqualify defendants' counsel from participating in an appeal. The plaintiff moved for disqualification after realizing that an attorney employed by the firm hired to represent defendants on appeal had previously represented him on a matter related to the appeal. *Id.* at 1099. Initially, the court of appeals examined the relationship between the pending suit and the matter in which the challenged attorney previously represented the client. *Id.* at 1100. Finding that the matters were substantially related, the court embraced the view that once a substantial relationship has been found, an irrebuttable presumption arises that a client has indeed revealed facts to the attorney that require his disqualification. *Id.* Accordingly, the court granted plaintiff's motion to disqualify.

 At first blush it appears that *Smith* stands at odds with the *Parker–Gilmore* line of authority in Kansas. In *Parker,* the Kansas Supreme Court recognized that in a Rule 1.10 imputed disqualification case, the traditional view had been that an attorney's knowledge of his client's affairs is irrebuttably presumed to have been transmitted to other attorneys within the same law firm. *Parker,* 245 Kan. at 587, 781 P.2d at 1105. However, the *Parker* court joined the "many courts that have relaxed the rule, allowing the presumption of imputation of client confidences to be rebutted by evidence that the attorney who was materially involved in the case did not share any relevant infor-

mation with his associates who were not working on the case." *Id.*, 245 Kan. at 587–88, 781 P.2d at 1105.[3] The Kansas Court of Appeals found this holding persuasive and followed it in *Gilmore*, applying the new standard in a Rule 1.9 case. *Gilmore*, 16 Kan.App.2d at 649, 827 P.2d at 788. Therefore, while the holding in *Smith* was based upon an irrebuttable presumption that confidential information was exchanged, the Kansas courts appear to have moved away from this view, and now require a factual inquiry to determine whether the attorney acquired material and confidential information during the prior representation. *Id.* at 649, 827 P.2d at 787–88 (citing *Parker*, 245 Kan. at Syl. ¶ 4, 5, 781 P.2d at Syl. ¶ 4, 5).

Against this backdrop of seemingly irreconcilable authority, we are guided by the holding of the Tenth Circuit Court of Appeals in *Graham v. Wyeth Laboratories*, 906 F.2d 1419 (10th Cir.1990). In *Graham*, the defendant moved to disqualify plaintiff's counsel from representing her in the appeal because of imputed conflict of interest (Rule 1.10). *Id.* at 1420. The court followed *Parker*, and remanded the case for a factual determination of whether the attorney had knowledge of material and confidential information. *Id.* at 1424. The defendant argued that disqualification was required under *Smith* solely on the basis of the substantial relationship between the prior and subsequent representations. *Id.* at 1423, n. 5. The court rejected this argument: "Our decision in *Smith*, however, arose out of a Utah diversity action involving Utah law firms. The present case, by contrast, arose in Kansas, where the Model Rules of Professional Conduct, and Kansas case law construing them, control." *Id.*[4] By distinguishing *Smith* and following

*Parker*, the court of appeals made it clear that, if the case arose in Kansas, a federal court deciding a motion to disqualify for conflict of interest must look for guidance to the Model Rules adopted in Kansas and to Kansas precedent construing those rules. Accordingly, we conclude that the *Parker–Gilmore* line of cases should be followed in deciding this motion. The court therefore is required to make a factual determination whether the attorney acquired material and confidential information during the prior representation. The ultimate burden of proof lies with Holbrook, but the moving party, INA, bears the initial burden of going forward with evidence sufficient to establish a prima facie case that a conflict exists. *Pacific Employers*, 789 F.Supp. at 1113.

INA has failed to establish a prima facie case of conflict. Taking the factual allegations of INA' motion as true, we find nothing that indicates Holbrook acquired any material and confidential information from INA. Even if we assume Holbrook advised INA in connection with settlement of the underlying claim, and that INA paid Holbrook for services rendered, it does not necessarily follow that whatever information Holbrook may have acquired is materially related to this declaratory judgment action. The issue in this action is the extent of INA's obligation, if any, to reimburse Regent for attorneys fees expended in defense of U.S.D. No. 383 in the underlying tort case. The merits of the underlying claim and the fairness of the settlement are not at issue here.[5] The allegation that Holbrook advised INA about the merits and settlement of the tort claim does not establish that Holbrook is in possession of material and confidential information that

---

**3.** The Tenth Circuit Court of Appeals likewise acknowledged this trend, calling it a "limited exception" to the rule. *Smith*, 757 F.2d at 1101.

**4.** The court recognized in *Smith* that the "recently adopted ABA Model Rules of Professional Conduct support a functional analysis of such conflicts of interest and oppose application of an irrebuttable presumption." *Smith*, 757 F.2d at 1101, n. 2 (citing Model Rules of Professional Conduct Rules 1.9, 1.10, 1.11 (1983)).

**5.** INA intimates that Holbrook may have recommended a higher settlement amount in order to secure a greater reimbursement of fees for Regent. If this inference is intended, it is a serious allegation. INA offers nothing beyond speculation and innuendo to support this charge. Until such time as INA is prepared to allege and present some specific evidence that Holbrook did not act in good faith in advising INA on settlement, the court declines to accept INA's conclusory allegation that is speculative at best.

could be used against INA in this action. Based upon the present showing, the court concludes that INA has failed to establish a prima facie case that a conflict exists.

As another basis for disqualification, INA contends that Holbrook attorneys may be required to testify about their fees in order to establish their propriety and amount. Rule 3.7 precludes a lawyer from acting as an advocate at a trial in which the lawyer is likely to be a necessary witness. An exception to this rule is made when the lawyer's testimony relates to the nature and value of legal services rendered in the case. Rule 3.7(a)(2). Although this rule is on its face limited to testimony about fees "in *the* case," it is consistent with the policy underlying the rule to extend its application to the instant case. The Comment to Rule 3.7 provides that the rationale for this testimonial exception is to avoid the need for a second trial with new counsel to resolve the issue of fees. The only issue in this declaratory judgment action pertains to fees, and although it is a separate action, it is analogous to the situation contemplated in the Comment where disqualification is not required. The ethical concerns that justify the general prohibition of Rule 3.7 are not implicated in this case, and therefore the potential that Holbrook attorneys may be required to testify does not compel their disqualification.

Although INA's motion to disqualify must be denied, the court recognizes that INA may have additional specific evidence which would support a finding that Holbrook acquired material and confidential information while advising INA in connection with the underlying suit. Therefore, the court will give INA an opportunity to make the required showing by appropriate motion with documentation and brief, and thereby seek reconsideration of the court's present ruling, the same to be completed within fifteen (15) days of the date of this order. If INA submits evidence and additional argument, Regent will have ten (10) days thereafter to respond with its own evidentiary submissions and supplemental brief. Otherwise, the court's present ruling will stand.

IT IS THEREFORE ORDERED that Defendant's Motion to Disqualify (Doc. # 7) is denied without prejudice. Additional proceedings are authorized in accordance with this opinion.