**Dorothy M. LOWE, Plaintiff,**

v.

**EXPERIAN, et al., Defendants.**

**Civil Action No. 03–2046–CM.**

United States District Court, D. Kansas.

May 19, 2004.

**1124**

Blair K. Drazic, Creve Coeur, MO, James L. Renne, Arlington, VA, for Plaintiff.

David R. Vandeginste, Michael T. Metcalf, Robert B. Best, Jr., Husch & Eppenberger, LLC, Jennifer Ann Donnelli, Lynn S. McCreary, Meredith Jayne Rund, Bryan Cave LLP., Lyle J. Fuller, Spencer, Fane, Britt & Browne, Kansas City, MO, Dustin B. Rawlin, Cleveland, OH, Lewis P. Perling, Kilpatrick Stockton LLP, Atlanta, GA, W. Robert King, Couch, Pierce, King & Hoffmeister, Chtd., Overland Park, KS, Alan D. Herman, Eldon L. Boisseau, Klenda, Mitchell, Austerman & Zuercher, LLC., Wichita, KS, Mark T. Craig, Paul L. Myers, Strasburger & Price, L.L.P., Dallas, TX, Daniel V. Conlisk, Spencer, Fane, Britt & Browne LLP, Louis F. Bonacorsi, Bryan Cave LLP, St. Louis, MO, John K. Semler, Jr., Ballard, Spahr, Andrews & Ingersoll, Voorhees, NJ, Stacy L. Broad, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

Pending before the Court is the Motion to Disqualify Plaintiff's Counsel James Renne (doc. 88) filed by all Defendants except CSC Credit Services, Inc. For the reasons set forth below, the Court will grant the motion in part.

### I. Introduction and Background Facts

This is an action brought pursuant to the Fair Credit Reporting Act[1] and Kansas Fair Credit Reporting Act.[2] Plaintiff also brings claims for negligence, defamation, and tortious interference with business expectancy or relationship.

Plaintiff Dorothy M. Lowe died on September 20, 2003, almost eight months after the lawsuit was filed. The Amended Complaint alleges that during her life, Plaintiff created an inter vivos trust, the Trust of Dorothy M. Lowe ("the Trust"), and that she named James Renne as the Trustee. Plaintiff has filed a motion to substitute (doc. 74), which is presently pending before the Court. In that motion, Plaintiff seeks to substitute the Trust and the estate of Dorothy M. Lowe as plaintiffs.

Movants seek to disqualify James Renne from acting as Plaintiff's counsel for two reasons. Movants first contend that Mr. Renne should be disqualified because he

---

1. 15 U.S.C. §§ 1681, *et seq.*

2. K.S.A. 50–701, *et seq.*

will no doubt be a witness at trial testifying about important contested issues, and the Kansas Rules of Professional Conduct preclude a lawyer from acting as an advocate at trial in which he/she is likely to be a necessary witness. Movants also contend that Mr. Renne should be disqualified because he is the Trustee of the Trust, he is "likely" to be the administrator of Ms. Lowe's estate,[3] and he "may be" a beneficiary under both the Trust and estate.

## II. General Rules Regarding Disqualification of Counsel

■ The court has the inherent power to disqualify counsel "where necessary to preserve the integrity of the adversary process."[4] Motions to disqualify counsel are committed to the court's sound discretion.[5] A motion to disqualify must be decided on its own facts, and the court must carefully balance the interest in protecting the integrity of the judicial process against the right of a party to have the counsel of its choice.[6]

■ The moving party bears the initial burden of going forward with evidence

sufficient to establish a prima facie case that disqualification is warranted.[7] The ultimate burden of proof, however, lies with the attorney or firm whose disqualification is sought.[8] In some instances, an evidentiary hearing is required before the court may enter an order disqualifying counsel.[9] An evidentiary hearing, however, is not required when the parties have fully briefed the issue and when there are no disputed issues of act or there is otherwise no need for any additional evidence to be presented to the court.[10]

In this case, Movants have filed a motion, supporting memorandum and reply brief, and Plaintiff has filed a response. As there appear to be no disputed issues of fact, the Court does not find that an evidentiary hearing would be helpful. The Court will therefore proceed to rule on the motion based on the parties' briefing.

## III. Analysis

### A. Should Mr. Renne Be Disqualified Because He Will Be a Witness at Trial?

■ Movants argue that Rule 3.7 of the

---

3. Mot. to Disqualify, doc. 88 at p. 18 & n. 8.

4. *Field v. Freedman*, 527 F.Supp. 935, 940 (D.Kan.1981).

5. *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 239 F.Supp.2d 1170, 1172 (D.Colo. 2003); *Kelling v. Bridgestone/Firestone, Inc.*, No. 93–1319–FGT, 1994 WL 723958, at *10 (D.Kan. Oct.17, 1994) (citing *Koch v. Koch Indus.*, 798 F.Supp. 1525, 1530 (D.Kan. 1992)). *See also Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1383 (10th Cir.1994) ("control of attorneys' conduct in trial litigation is within the supervisory powers" of the district and is a matter of judicial discretion).

6. *Kelling*, 1994 WL 723958, at *10; *Regent Ins. Co. v. Ins. Co. of N. Am.*, 804 F.Supp. 1387, 1390 (D.Kan.1992).

7. *Kelling*, 1994 WL 723958, at *10 (citing *Regent Ins.*, 804 F.Supp. at 1390; *Pac. Employers Ins. Co. v. P.B. Hoidale Co., Inc.*, 789

F.Supp. 1112, 1113 (D.Kan.1992); *Parker v. Volkswagenwerk Aktiengesellschaft*, 245 Kan. 580, 589, 781 P.2d 1099 (1989)).

8. *Kelling*, 1994 WL 723958, at *10 (citing *Regent Ins.*, 804 F.Supp. at 1390; *Pac. Employers*, 789 F.Supp. at 1113; *Parker*, 245 Kan. at 589, 781 P.2d 1099).

9. *See, e.g., Fullmer v. Harper*, 517 F.2d 20, 21 (10th Cir.1975) ("In our view the verified motion to disqualify raises ethical questions that are conceivably of a serious nature. In such circumstance a written response should be required. The trial court should then hold a full evidentiary hearing on the issues posed by the motion to disqualify and the response thereto ....").

10. *Weeks v. Indep. School Dist. No. I–89 of Okla. County*, 230 F.3d 1201, 1212 (10th Cir. 2000).

Kansas Rules of Professional Conduct [11] ("KRPC 3.7") precludes Mr. Renne from acting as counsel in this matter, regardless of which party is made the actual plaintiff. KRPC 3.7(a) provides as follows:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.[12]

Plaintiff does not dispute that Mr. Renne is an important witness and that he plans to testify at trial on contested issues. Plaintiff, however, contends that Mr. Renne need not be disqualified as he will agree to the entry of an order barring him from acting as an advocate at trial and from conducting any depositions.[13] Plaintiff argues that KRPC 3.7(a) prohibits Mr. Renne only from acting as an advocate at trial and should not act to bar him from partici-

pating in pretrial proceedings. Plaintiff does not argue that any of the exceptions to Rule 3.7(a) apply here, and, thus, the Court need not address their applicability.

In their reply brief, Movants continue to argue for Mr. Renne's complete disqualification. In the alternative, Movants ask the Court to prohibit Mr. Renne from not only acting as an advocate at trial and taking depositions, but also from "(a) signing or having his name appear as counsel on any pleading; (b) ... defending any depositions; (c) participating in any manner at trial, including sitting at counsel's table; and (d) participating (other than as a sworn witness) in any hearings before the Court." [14]

■ By its express language, KRPC 3.7(a) is only a prohibition against the attorney acting as an "advocate at trial." Its primary purpose is to avoid jury confusion at trial.[15] Thus, the Rule does not automatically require that a lawyer be disqualified from all pretrial activities, such as participating in strategy sessions, pretrial hearings or conferences, settlement conferences, or motions practice.[16] Dis-

---

**11.** The Model Rules of Professional Conduct have been adopted by the Kansas Supreme Court in Supreme Court Rule 226 and are known as the "Kansas Rules of Professional Conduct." This Court has adopted the Kansas Rules of Professional Conduct as the "applicable standards of professional conduct" for lawyers appearing in this Court. *See* D. Kan. Rule 83.6.1.

**12.** KRPC 3.7(a).

**13.** Plaintiff represents that "Renne agrees to a reasonable order with respect to trial and depositions." Pl.'s Resp. to Mot. to Disqualify (doc. 91) at p. 5.

**14.** Movants' Reply Mem. in Supp. of Mot. to Disqualify (doc. 98) at pp. 2–3 (footnote omitted).

**15.** *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell,* 239 F.Supp.2d 1170, 1172 (D.Colo.

2003); *Chapman Eng'rs, Inc. v. Natural Gas Sales Co., Inc.,* 766 F.Supp. 949, 957 (D.Kan. 1991). *See also Main Events Prod., LLC v. Lacy,* 220 F.Supp.2d 353, 356 (D.N.J.2002) ("The Rule is designed to prevent a situation in which at trial a lawyer acts as an attorney and as a witness, creating the danger that the fact finder (particularly if it is a jury) may confuse what is testimony and what is argument, and otherwise creating an unseemly appearance at trial.")

**16.** *Merrill Lynch,* 239 F.Supp.2d at 1172; *Main Events,* 220 F.Supp.2d at 356; *World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc.,* 866 F.Supp. 1297, 1303 (D.Colo.1994). *See also* ABA Comm. on Ethics and Professional Responsibility, Informal Opinion 89–1529 (1989) ("[A] lawyer may serve as an advocate in ... pre-trial discovery as well as in arguing pre-trial motions and appeals from decisions on those motions as long as the other requirements of Rule 3.7 are met.").

qualification from pretrial matters may be appropriate, however, where that activity "includes obtaining evidence which, if admitted at trial, would reveal the attorney's dual role." [17]

In light of the above, the Court finds that KRPC 3.7(a) does not bar Mr. Renne from acting as Plaintiff's counsel altogether. It does, however, clearly bar him from acting as an advocate at trial, and Mr. Renne has agreed to the entry of an order prohibiting him from doing so. The Court will therefore enter an order disqualifying Mr. Renne from acting as an advocate at trial. The Court finds it also necessary to bar Mr. Renne from sitting at counsel's table during the trial, and will allow Defendants to invoke against Mr. Renne the rule prohibiting witnesses from being present in the courtroom during the testimony of other witnesses.

Mr. Renne recognizes that it is likely that jurors may be confused if a deposition he has conducted is admitted into evidence at trial. He has therefore also agreed to an order prohibiting him from taking any depositions. The Court will therefore order that Mr. Renee be disqualified from *taking* any depositions in this case. The Court finds that it is also necessary to disqualify Mr. Renne from *defending* any depositions, as the same risk of jury confusion exists regardless of whether the attorney-witness is taking or defending the deposition.[18] It is possible, if not likely, that testimony from an oral deposition will be read into evidence. Depositions are routinely used at trial for impeachment purposes and to present testimony in lieu of live testimony when the witness is unavail-

able. Testimony from an oral deposition could not be easily read into evidence without revealing Mr. Renne's identity as the attorney taking or defending the deposition.[19] Videotaped depositions present an even greater concern.[20] If such a deposition is used at trial in video format, Mr. Renne's dual role as attorney and witness would be even more apparent to the jury. These concerns exist regardless of whether Mr. Renne is taking or defending the deposition. Either way, the potential exists for Defendants to suffer prejudice and for the jury to be confused by Mr. Renne's dual role as advocate and witness. Thus, the Court will disqualify Mr. Renne from taking or defending any depositions in this case.

■ The Court does not find it necessary to disqualify Mr. Renne from participating in non-evidentiary hearings or conferences before the Court, as requested by Movants. Such participation does not pose a risk of causing jury confusion, as a non-evidentiary hearing would not lead to the obtaining of evidence that, if admitted at trial, would reveal to the jury Mr. Renne's dual rule. The same is not true, however, with respect to evidentiary hearings, and, thus, the Court will disqualify Mr. Renne from participating as counsel in evidentiary hearings.

The Court does not find it necessary to prohibit Mr. Renne from signing or having his name appear as counsel on any pleadings in this case. This would not further the purpose of avoiding jury confusion, as it is unlikely that any pleading would be presented to the jury at trial. In the

---

17. *Merrill Lynch,* 239 F.Supp.2d at 1172 (quoting *World Youth Day,* 866 F.Supp. at 1303).

18. *World Youth Day,* 866 F.Supp. at 1304.

19. *See id.* (citing difficulties in presenting oral deposition testimony at trial, and disqualify-

ing attorney from taking and defending oral depositions).

20. *See id.* (citing difficulties in presenting videotaped deposition testimony at trial, and disqualifying attorney from taking and defending videotaped depositions).

event that a pleading is admitted into evidence or otherwise presented to the jury, Mr. Renne's signature or any other information contained therein which would reveal that Mr. Renne is acting as Plaintiff's counsel may be redacted from the pleading to avoid the risk of revealing his dual role to the jury.

The Court does not find that KRPC 3.7(a) provides any other basis for disqualifying Mr. Renne from acting as counsel for Plaintiff with respect to any other aspect of this case. Consequently, the Court will deny in part and grant in part Movants' Motion to Disqualify based on KRPC 3.7(a).

### B. Should Mr. Renne Be Disqualified Because He Is the Trustee and Possible Beneficiary of the Trust and Possible Administrator and/or Beneficiary of Dorothy Lowe's Estate?

 In addition to arguing that Mr. Renne should be disqualified under KRPC 3.7(a), Movants assert that he should be disqualified because he is the Trustee of the alleged Dorothy M. Lowe Trust and he is "likely" the administrator of her estate.[21] Movants also assert that Mr. Renne may possibly be a beneficiary under the Trust and/or Ms. Lowe's estate. They argue that by serving in these roles, in addition to serving as a witness and attorney, Mr. Renne has "an inherent conflict of interest."[22] Movants also assert that Mr. Renne's possible status as a beneficiary of the Trust would improperly allow him "to enjoy the proceeds of any eventual judgment if he prevails."[23]

Movants do not cite any Kansas Rule of Professional Conduct in support of their motion to disqualify on this basis. Movants also fail to explain how an inherent conflict of interest is created merely because Mr. Renne is the Trustee of the alleged Trust or because he may be a beneficiary of the Trust or the administrator and/or beneficiary of Ms. Lowe's estate. The Court is left to speculate as to the nature of the conflict.

 Even if the Court were to assume that Movants are seeking disqualification pursuant to KRPC 1.7(b), the Court would find no basis to disqualify Mr. Renne under that rule. Rule 1.7(b) provides that unless certain conditions are met, a lawyer may not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or third person, or by the lawyer's own interests.[24]

Generally speaking, only the client has standing to move to disqualify under KRPC 1.7(b).[25] The only exception to this rule arises where the interests of the public are so greatly implicated that a third party should be entitled to raise the conflict.[26] Movants have not provided any evidence or argument that would render the exception applicable here. Thus, as a threshold matter, Movants do not have standing to seek disqualification under KRPC 1.7(b).

---

**21.** Mot. to Disqualify, doc. 88 at p. 18.

**22.** *Id.*

**23.** Reply in Support of Mot. to Disqualify, doc. 98 at p. 4.

**24.** KRPC 1.7(b).

**25.** *Chapman Eng'rs, Inc. v. Natural Gas Sales Co., Inc.*, 766 F.Supp. 949, 954–55 (D.Kan.

1991); *Beck v. Bd. of Regents of the State of Kan.*, 568 F.Supp. 1107, 1110 (D.Kan.1983); *Nat'l Bank of Andover, N.A., v. Aero Standard Tooling, Inc.*, 30 Kan.App.2d 784, 791, 49 P.3d 547 (2002).

**26.** *Chapman Eng'rs*, 766 F.Supp. at 955 (citing *Beck*, 568 F.Supp. at 1110).

Even if the Court were to find that Movants have standing, they have not met their burden. Movants' mere conclusory assertions that "an inherent conflict" exists is not sufficient to satisfy their burden to establish a prima facie case that disqualification is warranted.[27] Even assuming arguendo that the Court were to accept as true Movants' assertion that Mr. Renne has a personal interest in the outcome of the lawsuit because he is the Trustee and a possible beneficiary of the Trust and possibly the Administrator and a beneficiary of Ms. Lowe's estate, such a personal interest does not automatically rise to the level of a conflict requiring disqualification under Rule 1.7(b).

It is well settled that a conflict of interest requiring disqualification under Rule 1.7(b) does not exist merely because an attorney may be personally interested in the outcome of litigation.[28] Many attorneys have a personal and financial interest in the outcome of the lawsuits they handle as a result of the contingency fee agreements they enter into with their clients. By entering into a contingency fee agreement, an attorney "acquire[s] a beneficial interest in the final award" and becomes "a beneficial owner of the award."[29] Such contingency fee agreements in civil cases are ethical, and such an interest in the outcome of the case is not a basis for disqualification.[30] Thus, the mere fact that Mr. Renne may have a personal and financial interest in the judgment is not grounds for disqualification.

In short, the Court finds that Movants have failed to meet their burden to establish that Mr. Renne's status as the Trustee of the Trust, his possible status as a beneficiary of the Trust, and his possible status as the Administrator and beneficiary of Ms. Lowe's estate create a conflict of interest that would require disqualification. The Court will therefore decline to disqualify Mr. Renee on this basis.

## IV. Summary of Ruling

In light of the above, the Motion to Disqualify will be granted in part pursuant to KRPC 3.7(a). James A. Renne shall be disqualified from acting as counsel for Plaintiff at trial, from taking and defending all depositions, and from participating in any evidentiary hearing held in this case. At trial he shall not sit at counsel's table, and Defendants may invoke against Mr. Renne the rule prohibiting witnesses from being present in the courtroom during the testimony of other witnesses. The Motion to Disqualify will be denied insofar as it seeks to disqualify Mr. Renne from acting as counsel for Plaintiff in any pretrial matters other than those identified above, including participation in strategy sessions, status conferences, the final pretrial conference, settlement conferences, and motions practice.

IT IS THEREFORE ORDERED that the Motion to Disqualify Plaintiff's Counsel James Renne (doc. 88) filed by all Defendants except CSC Credit Services, Inc., is granted in part and denied in part as set forth herein.

IT IS SO ORDERED.

---

27. *See Kelling*, 1994 WL 723958, at \*10 (party moving for disqualification has initial burden of going forward with evidence sufficient to establish a prima facie case that disqualification is warranted).

28. *Main Events Prod., LLC v. Lacy*, 220 F.Supp.2d 353, 358 (D.N.J.2002).

29. *Excel Corp. v. Jimenez*, 269 Kan. 291, 303, 7 P.3d 1118 (2000).

30. *See* KRPC 1.5(d) (authorizing attorneys to enter into contingency fee arrangements in civil cases, where certain conditions are met).